# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| VICTOR JERRY TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-301 |
| | ) | |
| GEORGIA DEPARTMENT OF CORRECTION, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Victor Jerry Turner has filed this 42 U.S.C. § 1983 complaint alleging that he was incarcerated unjustifiably. *See generally* doc. 1. Although the statement of his claim is not entirely clear, he alleges that he was sentenced to a term of probation commencing in 2014, after a custodial sentence. *See* doc. 1 at 5. While he was on probation, he pleded guilty to another (unspecified) crime. *Id.* After his guilty plea, in August 2015, he returned to the "drug program" associated with his probation. *Id.* Shortly thereafter he "was taken to Jackson State prison . . . and made an inmate with the permanent inmates." *Id.* He was apparently held as a "permanent inmate" for approximately thirty days and released. *Id.* He alleges that he "was told that someone made a

mistake and all they could do for me was to let me go." *Id.* at 5. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[1]

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Moreover, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

Liberally construed, Turner alleges a claim for false imprisonment. "A false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty

---

[1] Section 1915A requires that the court screen any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Although it appears that Turner has been released, *see* doc. 6-1, and is no longer a "prisoner," *see* 28 U.S.C. § 1915A(c), he was a prisoner at the time he filed the Complaint, *see* doc. 1 at 3. His complaint is, therefore, subject to screening under § 1915A(a). *See, e.g., Schlosser v. McNeil*, 2012 WL 1815626, at * 1 (N.D. Fla. Apr. 17, 2012).

without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996); *see also Wallace v. Kato*, 549 U.S. 384, 389 ("[F]alse imprisonment is detention without legal process."). The Eleventh Circuit has explained that to state a § 1983 claim for false imprisonment, the plaintiff "must meet the elements of common law false imprisonment [(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm] and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment." *Ortega*, 85 F.3d at 1526, 1526 n. 2. Without considering the substantive merits of Turner's claim, it is clear that it is untimely.

A cause of action accrues, and the statute of limitations begins to run, when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Section 1983 claims are subject to the statute of limitations a federal court's forum state applies to personal injury actions, which in Georgia is two years. *See id.* (citations omitted). Turner alleges that his guilty plea occurred in August 2015. *See* doc. 1 at 5. He alleges that he "was sent back to . . .

the drug program for probationers with 2 months before I Graduate [sic] the program." *Id*.  He then alleges that he was "taken to Jackson State Prison 2 weeks later," and held for approximately thirty days.  *Id*.  Drawing the inference in Turner's favor, he was released from custody no later than January 2016.[2]  The two-year statute of limitations ran, therefore, no later than January 2018.  He did not file this case until October 2019, more than twenty months too late.

A plaintiff's untimely filing can be excused if the limitations period were tolled.  Like the limitations period itself, "state law generally determines tolling rules."  *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (citing *Wallace,* 549 U.S. at 393-96).  Turner has not alleged any fact amounting to a statutorily recognized reason for tolling.  *See* O.C.G.A. §§ 9-3-90-99.  He also fails to present any "extraordinary" circumstance that might support equitable tolling.  *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is an extraordinary remedy which should be extended only sparingly.").

---

[2] Construing the allegations in Turner's favor, his guilty plea occurred in August 2015.  Doc. 1 at 5.  He spent two months, until October 2015, in the drug treatment program.  He was incarcerated in November 2015 for thirty days.  *Id*.  The Court therefore infers that he was released no later than December 30, 2015.

Since any claim arising from the allegedly mistaken incarceration in 2015 is untimely, those claims should be **DISMISSED**.[3]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.

---

[3] Turner has also failed to adequately plead his claim. None of the defendants he has named, the Georgia Department of Corrections, the "Georgia Department of Probation and Parole Board," presumably the Georgia State Board of Pardons and Paroles, the Chatham County District Attorney's Office, and Jackson State Prison, are proper defendants. The Georgia Department of Corrections is an instrumentality of the State of Georgia, and, as such, is immune from suit under the Eleventh Amendment to the United States Constitution. *See Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a § 1983] action against the Georgia Department of Corrections . . . ."). The Board of Pardons and Paroles is similarly immune. *See Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1309 (11th Cir. 1988) (Board of Pardons and Paroles was entitled to sovereign immunity). Even if the Department or Board were not immune, however, Turner has alleged no fact implicating them or their members or employees in his allegedly mistaken incarceration. *See* doc. 1 at 5. Any claim against the "Chatham County District Attorney's Office" faces even more hurdles. First, "[a]s a general rule, an Office of the District Attorney is not an entity subject to suit." *Tyner v. Howard*, 2017 WL 579954, at * 2 (N.D. Ga. Jan. 6, 2017); *see also Ward v. Office of Dist. Atty.*, 2007 WL 1832014, at * 2 (M.D. Ga. Jun. 25, 2007) ("[T]he 'Office of the District Attorney' is not a legal entity, and, therefore, cannot be sued as such under 42 U.S.C. § 1983."). Second, to the extent that Turner intended to sue an unnamed Chatham County district attorney, or assistant district attorney, in his or her official capacity, prosecutors are absolutely immune from suit "for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the Government's case." *Monsegue v. Moore*, 2019 WL 469911, at * 3 (S.D. Ga. Feb. 6, 2019) (citing, *inter alia.*, *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Finally, Turner's complaint is devoid of any allegation against the District Attorney's Office or any of its employees. *See* doc. 1 at 5. The last named defendant, Jackson State Prison, is also not an entity subject to suit under § 1983. *See, e.g., Tiller v. Telfair State Prison Corr. Facility*, 2021 WL 1652967, at * 2 (S.D. Ga. Mar. 30, 2021). Even if the prison were an entity subject to suit, it, and its employees in their official capacities, would be immune from suit under the Eleventh Amendment. *See Pierce v. Prison*, 2017 WL 125041, at * 2 (S.D. Ga. Jan. 12, 2017). Since the claim is untimely, however, any lingering questions about the claim's substance are moot.

Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 29th day of July, 2021.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia