IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| VICTOR JERRY TURNER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 419-301 |
| | * | |
| GEORGIA DEPARTMENT OF | * | |
| CORRECTION; GEORGIA DEPARTMENT | * | |
| OF PROBATION AND PAROLE BOARD; | * | |
| CHATHAM COUNTY DISTRICT | * | |
| ATTORNEY'S OFFICE; and | * | |
| JACKSON STATE PRISON, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. The R&R recommends dismissal of Plaintiff's Complaint as untimely.[1] (Doc. No. 7.) Plaintiff's objections appear to argue that the statute of limitations should have been tolled on the grounds of his alleged "mental [and] emotional disorder." (Doc. No. 12.)

Georgia Law applies to the tolling of the statute of limitations in this case. See Meyer v. Gwinnett County, 636 F. App'x 487, 489 (11th Cir. 2016); Salas v. Pierce, 297 F. App'x 874, 877 (11th Cir. 2008) (citing Wallace v. Kato, 549 U.S. 384,

---

[1] The R&R also explains why Plaintiff failed to state any viable claims. (Doc. No. 7 at 5, n.3).

393-96 (2007)). O.C.G.A. § 9-3-90 provides that mental incompetency will toll the limitations period. "[T]he test to be applied is whether the one claiming the disability has such unsoundness of mind . . . as to incapacitate one from managing the ordinary business of life." Meyer, 636 F. App'x at 489 (quoting Martin v. Herrington Mill, LP, 730 S.E.2d 164, 166 (Ga. Ct. App. 2012)). Plaintiff does not present any evidence or allegation beyond that he suffered a "mental [and] emotional disorder." On this conclusory statement alone, it cannot be said that Plaintiff is incapable of managing the ordinary business of life. See id. (reviewing Georgia cases and concluding that one must at least allege an inability to manage one's affairs in order to invoke the tolling provisions of O.C.G.A. § 9-3-90).

Accordingly, Plaintiff's objection (doc. no. 12) is **OVERRULED**. The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DISMISSES** this case **WITHOUT PREJUDICE**. The **CLERK** is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE